The TIMKEN COMPANY, Plaintiff,

v.

UNITED STATES, Defendant,

Koyo Seiko Co., Ltd. and Koyo Corporation of U.S.A.; NSK Ltd. and NSK Corporation, Defendant–Intervenors.

Court No. 91–07–00486.
Slip Op. 94–95.

United States Court of
International Trade.

June 9, 1994.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., John M. Breen, Margaret E.O. Edozien, William A. Fennell and Lane S. Hurewitz, Washington, DC, of counsel: Scott A. Scherff, Managing Atty., The Timken Co., Canton, OH, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Michael S. Kane, of counsel: Joan L. MacKenzie, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, for defendant.

Powell, Goldstein, Frazer & Murphy, Peter O. Suchman, Susan P. Strommer, Susan E. Silver, Niall P. Meagher, Elizabeth C. Hafner and Robert A. Calaff, Washington, DC, for defendant-intervenor Koyo Seiko Co., Ltd. and Koyo Corp. of U.S.A.

Donohue and Donohue, Joseph F. Donohue, Jr., Kathleen C. Inguaggiato and Daniel W. Dowe, New York City, for defendant-intervenor NSK Ltd. and NSK Corp.

## OPINION

TSOUCALAS, Judge:

Plaintiff, The Timken Company ("Timken"), contests the Department of Commerce, International Trade Administration's ("Commerce") final results in the administrative review of imports of tapered roller bearings from Japan produced by Koyo Seiko Co., Ltd., Koyo Corporation of U.S.A. ("Koyo"), NSK Ltd. and NSK Corporation ("NSK"). *Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Certain Components Thereof, From Japan; Final Results of Antidumping Duty Administrative Review ("Final Results")*, 56 Fed.Reg. 26,-054 (1991), as amended by *Tapered Roller Bearings, Four Inches or Less in Outside Diameter, and Certain Components Thereof, From Japan; Amendment to Final Results of Antidumping Finding Administrative Review*, 56 Fed.Reg. 31,113 (1991).

## BACKGROUND

In *Timken Co. v. United States*, 18 CIT ——, Slip Op. 94–41, 1994 WL 88922 (Mar. 7, 1994), the Court remanded this case to Commerce to allow it to determine whether it has statutory authority to adjust foreign market value ("FMV"), calculated using purchase price ("PP"), for pre-sale inland freight in light of the decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in *Ad Hoc Comm. of AZ–NM–TX–*

*FL Producers of Gray Portland Cement v. United States,* 13 F.3d 398 (Fed.Cir.1994). *See also Timken Co. v. United States,* 18 CIT ——, 852 F.Supp. 1040 (1994).

On April 6, 1994, Commerce filed with the Court its Results on Redetermination Pursuant to Court Remand, *The Timken Company v. United States,* 18 CIT ——, Slip Op. 94–41, 1994 WL 88922 (March 7, 1994) (*"Redetermination on Remand"*).

## DISCUSSION

Commerce's final results filed pursuant to a remand will be sustained unless that determination is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B) (1988). Substantial evidence in "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938); *Alhambra Foundry Co. v. United States,* 12 CIT 343, 345, 685 F.Supp. 1252, 1255 (1988).

In its Redetermination on Remand, Commerce discusses its interpretation of the decision by the CAFC in *Ad Hoc Comm.,* 13 F.3d 398. Based on its reading of *Ad Hoc Comm.,* Commerce takes the position that "pre-sale freight is an appropriate expense to include in the ESP [exporter's sales price] offset under 19 CFR § 353.56(b)(2) [1991], because it is a post-production expense borne in preparation to sell the merchandise." *Redetermination on Remand* at 2. Commerce further states that § 353.56(b)(2) "allows the Department to deduct from FMV all expenses, other than direct selling expenses enumerated in section 353.56(a), incurred in selling such or similar merchandise up to the amount of expenses incurred in selling the merchandise in the United States." *Id.* at 3. Therefore, Commerce has determined it "will evaluate claims of inland freight expenses for home market (or third-country) sales using the ESP offset provision in the regulations." *Id.* Commerce requests that this case be remanded so that it can implement the ESP offset adjustments to FMV for freight expenses in the calculation of margins for Koyo and NSK. *Id.* at 5.

Timken alleges that Commerce's "revised position that pre-sale inland freight should be deducted from ESP pursuant to 19 U.S.C. § 1677a(e)(2), with an offsetting deduction to FMV, is not in accordance with law" and asks that the case "be remanded with instructions that pre-sale inland freight expenses are to be deducted from USP pursuant to 19 U.S.C. § 1677a(d)(2)(A), with no 'offsetting' adjustment for pre-sale freight expenses incurred with respect to home market sales." *Comments of The Timken Company Regarding Remand Determination* at 7.

In remanding this action to the Department of Commerce, this Court stated, "[i]t is a cardinal rule of administrative law that an agency should be allowed to decide an issue for itself before a court addresses that issue." *Timken Co.,* 18 CIT at ——, Slip Op. 94–41, 1994 WL 88922 (citation omitted).

The methodology Commerce intends to use in the remand of this case has been explained fully in the Results of Redetermination. Therefore, the Court remands this case to the Department of Commerce so that it can implement the ESP offset adjustments to FMV for freight expenses in the calculation of margins for Koyo and NSK.

## CONCLUSION

In accordance with the foregoing opinion, this case is remanded to Commerce, to implement the ESP offset adjustments to FMV for freight expenses in the calculation of Koyo's and NSK's margins and this case is hereby dismissed.

## JUDGMENT